# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1660

_____

United States of America,               *
                                        *
            Appellee,                   *
                                        *   Appeal from the United States
      v.                                *   District Court for the
                                        *   Western District of Arkansas.
Clifford Lee Grayson, Jr.,              *
                                        *        [UNPUBLISHED]
            Appellant.                  *

_____

Submitted: January 3, 2008
Filed:  February 1, 2008

_____

Before BYE, RILEY, and MELLOY, Circuit Judges.

_____

PER CURIAM.

In this direct criminal appeal of his 41-month prison sentence for being a felon in possession of a firearm, Clifford Lee Grayson, Jr. (Grayson) argues (1) the district court[1] incorrectly calculated the Guidelines range by assessing criminal history points for Grayson's August 2005 conviction for failing to surrender; (2) the case should be remanded for resentencing because the court conflated its departure analysis with its variance analysis; and (3) the presumption of reasonableness this court affords to a within-Guidelines-range sentence is improper.

_____

[1]The Honorable Jimm Larry Hendren, Chief Judge, United States District Court for the Western District of Arkansas.

We do not need to reach the first issue raised by Grayson, because even excluding the three criminal-history points assessed for Grayson's failure-to-surrender conviction, Grayson had 13 other criminal-history points, all properly assessed. Thus, Grayson still has a Category VI criminal history and the same Guidelines sentencing range.[2]

We further conclude any error the court may have committed in conducting its departure and variance analysis is harmless because Grayson's within-Guidelines-range sentence is presumptively reasonable, see United States v. Miller, 479 F.3d 984, 986-88 (8th Cir. 2007) (holding that a district court's conflation of departure and variance analyses was error, but finding it harmless error because the sentence was not unreasonable), cert. denied, 2008 WL 59433 (U.S. Jan. 7, 2008) (No. 07-5785); United States v. Denton, 434 F.3d 1104, 1113 (8th Cir. 2006) (stating a within-Guidelines-range sentence is presumptively reasonable), and there is no indication the court overlooked a relevant factor, gave significant weight to an improper or irrelevant factor, or misapplied the factors, see United States v. Haack, 403 F.3d 997, 1003-04 (8th Cir. 2005).

Finally, Grayson's last argument is without merit because the Supreme Court has approved the appellate presumption of reasonableness this court affords to within-Guidelines-range sentences. See Rita v. United States, 127 S. Ct. 2456, 2462-68 (2007) (allowing appellate presumption of reasonableness).

We affirm.

_____

---

[2]Grayson was sentenced under the 2006 version of the Guidelines Manual. We express no opinion as to what effect, if any, the amendments to U.S.S.G. § 4A1.2, effective November 1, 2007, would have upon the analysis of this issue.